IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JACOBY BENNETT., | * |
| | * |
|    Petitioner, | * |
| | * |
| v. | *   Civil Case No. SAG-19-3645 |
| | * |
| WARDEN RICHARD DOVEY, | * |
| | * |
|    Respondent. | * |
| | * |

************

## MEMORANDUM OPINION

Jacoby Bennett ("Bennett") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 20, 2019, challenging his sentence, which was imposed in the Circuit Court of Baltimore City, Maryland on October 18, 1993. ECF 1.  In his petition, which he files *pro se,* Bennett raises four separate grounds, each relating to the basis for his murder conviction and his sentence of "sixty years plus life." *Id.*   The State filed a "Limited Answer" to Bennett's petition, focusing on this Court's lack of subject matter jurisdiction and the untimeliness of Bennett's filing. ECF 5. In light of the record before this Court, no oral argument is needed. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Bennett's Petition for Writ of Habeas Corpus will be denied.

    **I.**    **Standard**

Under 28 U.S.C. § 2244, a petition for writ of habeas corpus must be filed within a one-year limitations period, which runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## II.    Analysis

Under any of those four provisions, Bennett's petition is clearly untimely. He does not assert any impediment to filing his application, any newly recognized constitutional right, or any newly discovered factual predicate underlying his claims. *See generally* ECF 1. His judgment of conviction became final on March 7, 1995, when his 90-day window for filing a petition for a writ of certiorari with the Supreme Court expired. *See* ECF 5-1 (State Court record at SR 21, showing that Court of Appeals of Maryland denied Bennett's petition for writ of certiorari on December 7, 1994). Because Bennett's judgment of conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which contains the existing habeas provisions, Bennett's one-year limitations period "began to run with AEDPA's effective date," which is April 24, 1996. *Hernandez v. Caldwell,* 225 F.3d 435, 437-38 (4th Cir. 2000). His deadline to file his federal habeas petition, therefore, was one year from the date of AEDPA's enactment, *i.e.*, April 24, 1997. He is more than twenty years late.

The running of a defendant's one-year limitations period is paused during any period when a properly filed state habeas petition is pending. *See* 28 U.S.C. § 2244(d)(2). However, Bennett did not file a state habeas petition prior to April 24, 1997, and his limitations period therefore ran on that date. Any subsequent state habeas petitions do not undo that expiration, because the one-year period "does not begin to run anew for a year following denial of the state postconviction

remedies." *See Gray v. Waters,* 26 F. Supp. 2d 771, 772 (D. Md. 1998). The fact, then, that Bennett began filing state court petitions, including a habeas action, more than twenty years later does not afford him a new one-year limitations period.

Lastly, the Court must consider whether Bennett's limitations period was equitably tolled. To invoke equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citation omitted). In other words, equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Despite this Court's order affording Bennett a specific opportunity to address the issue of equitable tolling, ECF 6, Bennett's response suggests only that he was previously unaware of the legal arguments he now makes. *See* ECF 9 at 2 ("Would it be 'justice' to toll *Bennett* because it took him 29 years to discover that he received a 'life sentence' for Bennett should be entitled to the benefit of the exceptions that are provided in 28 U.S.C. § 2244, to allow the *Blockberger* test to determine whether a murder to 'no degree' in count four (4) of *Bennett's* verdict could have legally been the lesser-included offense after a 'not guilty' finding by the 'jury' for first degree murder?"). However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Bennett has not

shown the required diligence or external circumstance prohibiting the timely filing of the instant action, and equitable tolling is thus unwarranted.[1]

### III. Certificate of Appealability

This Court shall not issue a certificate of appealability absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). To satisfy that standard, a petitioner must demonstrate that reasonable jurists would find an assessment of the constitutional claims, or the dispositive procedural ruling dismissing the claims, to be "debatable." *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because Petitioner has not met that standard, a certificate of appealability is DENIED.

For the reasons stated herein, Bennett's Petition for Writ of Habeas Corpus is DENIED. A separate Order follows.

Dated: July 31, 2020

/s/
Stephanie A. Gallagher
United States District Judge

---

[1] While a credible claim of actual innocence can also permit review of an otherwise time-barred habeas petition, this Court will not address the issue further, because Bennett makes no claim that this is such a "rare" case. *See McQuiggin v. Perkins,* 569 U.S. 383 (2013).